UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE ROBERT N. LUPO, | * | |
| | * | |
| Debtor. | * | Civil Action No. 12-10617-JLT |

MEMORANDUM

March 26, 2013

TAURO, J.

I.   Introduction

Debtor Robert N. Lupo ("Debtor") appeals from the bankruptcy court's February 22, 2012 Order allowing an Application for Final Allowance of Compensation and Reimbursement of Expenses by the Law Firm of Looney & Grossman, LLP as Counsel to the Debtor and denying the Debtor's related motions. For the reasons below, this decision is AFFIRMED.

II.  Factual Background[1]

The Debtor filed a voluntary Chapter 11 petition on December 10, 2009, while represented by the law firm Hanify & King. The Debtor's Chapter 11 case presented many complexities because the Debtor owned numerous real estate parcels and because numerous creditors, some acting pro se, filed objections and claims. On June 18, 2010, Hanify & King moved to withdraw as counsel, citing fundamental disagreements with the Debtor. In response, the Debtor moved to employ Stewart F. Grossman and the Law Firm of Looney & Grossman, LLP ("L&G") as counsel on June 28, 2010. The court allowed the motion the next day.

---

[1] Because the Debtor does not challenge the bankruptcy court's findings of fact, Br. Appellant 3, n.1 [#13], this court recites the facts as stated in the February 22, 2012 Memorandum. R. App. 199 [#12].

1

Prior to L&G's appointment, the United States trustee moved to convert the Chapter 11 case to a Chapter 7 case or, in the alternative, to appoint a Chapter 11 trustee. The court appointed an examiner on June 29, 2010.

On August 9, 2010, L&G, on behalf of the Debtor, filed a Chapter 11 Plan of Reorganization and requested additional time to file a disclosure statement. As grounds for this extension, L&G represented that the Debtor owned more than thirty real estate parcels, each with its own secured creditors. The court allowed the motion for an extension until August 27, 2010.

On August 18, 2010, upon a motion by one of the Debtor's creditors and with the support of the examiner and the Official Committee of Unsecured Creditors, the court appointed Joseph B. Collins as the Chapter 11 Trustee ("Trustee"). L&G opposed the appointment on the Debtor's behalf. After the court allowed the appointment, however, L&G met with the Debtor to explain the import of this appointment and emphasize that the Debtor must gain the Trustee's support to succeed in his Chapter 11 case. Despite this advice, the Debtor concentrated on securing additional funding to cover his liabilities. His proposed reorganization plan struck both secured creditors and the Trustee as infeasible.

Because L&G concluded that the Debtor's proposed Chapter 11 plan would not be confirmed, it did not file the disclosure statement by the court's August 27, 2010 deadline. On September 9, 2010, the court issued an order to "show cause, in writing, by September 15, 2010, why this case should not be dismissed for failure to file a disclosure statement and otherwise comply with the orders of this Court." The Official Committee of Unsecured Creditors opposed dismissal on the ground that the proposed plan was not viable, and devoting more time to it would merely add to the accrual of claims against the estate. The Trustee also responded that only

a plan liquidating the Debtor's assets had a reasonable likelihood of confirmation. He indicated his intention to file a motion to convert the Chapter 11 case to a Chapter 7 case.

On the evening of September 14, 2010, the court scheduled a hearing on the show cause order for early the next morning. L&G appeared for the Debtor, although it had not yet filed a written response. The court nevertheless converted the case from Chapter 11 to Chapter 7, effective September 18, 2010. The deadline for filing written responses had not yet expired. L&G and the Debtor's non-debtor spouse quickly filed a motion for reconsideration. The presiding judge excused himself, and the judge to whom the case was reassigned denied the motion.

L&G moved to withdraw as counsel on October 18, 2010. On December 27, 2010, L&G filed its Application for <u>Final Allowance of Compensation and Reimbursement of Expenses by the Law Firm of Looney & Grossman, LLP as Counsel to the Debtor</u> ("Fee Application"). L&G sought $65,343.75 in compensation and $225.84 in expense reimbursements for the period from June 23, 2010, to August 18, 2010, the date the court appointed the Chapter 11 Trustee. The Debtor filed an <u>Objection to the Fee Application</u> on October 10, 2011, claiming that L&G's fees were excessive and that its failure to file the disclosure statement resulted in conversion of the case to a Chapter 7 liquidation. The court conducted an evidentiary hearing on December 6, 2011, and deemed the Fee Application and objection a contested matter to which adversary rules applied. The court allowed affidavits as direct examination and cross examination at the hearing.

After the hearing, on January 10, 2012, the Debtor filed an <u>Emergency Motion Requesting that the Court Refrain from Ruling on the Application for Final Allowance of Compensation</u>. He asked the court to refrain from ruling on the Fee Application until his attorneys filed a motion to compel the Trustee to abandon the legal malpractice claim against L&G. In the alternative, he

asked that the court not make any findings on the quality of L&G's representation and specifically preserve his right to pursue a legal malpractice claim. On February 6, 2012, the Debtor filed a Motion to Compel the Trustee to either pursue or abandon the malpractice claim. The Trustee objected to both motions.

In light of the evidence presented at the December 6, 2011 hearing, the court 1) allowed the Fee Application, 2) overruled the Debtor's objection to it, 3) sustained the Trustee's objections to the Debtor's motions, and 4) denied the Debtor's motions to refrain and to compel. In reaching these conclusions, the court considered testimony regarding L&G's representation of the Debtor and concluded that the Debtor had no basis for asserting a malpractice claim against L&G. The court found that the absence of the Trustee's support, rather than L&G's failure to file a disclosure statement, triggered conversion of the case from Chapter 11 to Chapter 7.

The Debtor appeals from the court's allowance of the Fee Application and denial of his motion to refrain and motion to compel.

III.    Discussion

    A.    Legal Standard

This court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court.[2] The court reviews the bankruptcy court's conclusions of law *de novo*.[3]

    B.    The Debtor's Appeal

The Debtor's objection to both the allowance of the Fee Application and the denial of the

---

[2] 28 U.S.C. § 158.

[3] In re Hill, 562 F.3d 29, 32 (1st Cir. 2009); In re DN Assocs., 3 F.3d 512, 515 (1st Cir. 1993).

motion to refrain flows from the same legal argument. The Debtor argues that the United States Supreme Court's decision in Stern v. Marshall[4] precluded the bankruptcy court from entering a final judgment as to whether L&G committed legal malpractice. In Stern, the Court held that although the bankruptcy court had statutory authority, under 28 U.S.C. § 157(b)(2)(C), to enter final judgment on a state law counterclaim,[5] the bankruptcy court lacked authority under Article III to do so.[6]

The Debtor's reliance on the "narrow" holding in Stern is misplaced.[7] Neither the Debtor nor the Trustee brought a legal malpractice counterclaim to L&G's Fee Application. Rather, the bankruptcy court considered the Debtor's allegations of malpractice, raised in his objection, in determining whether to allow the Fee Application. Such consideration was necessary in light of the bankruptcy court's obligation to determine the "amount of reasonable compensation to be awarded."[8] Had the court determined that the Debtor's estate possessed a viable claim, it may have reduced or denied the application. In light of this court's duty to review fee determinations under a "quite deferential" abuse of discretion standard, the court sees no reason to set aside the bankruptcy court's allowance of the fee application or denial of the motion to refrain.[9]

The Debtor also appeals from the bankruptcy court's denial of his motion to compel the

---

[4] 131 S. Ct. 2594 (2011).

[5] Id. at 2605.

[6] Id. at 2620.

[7] Id.

[8] 11 U.S.C. § 330(a)(3); In re Sullivan, 674 F.3d 65, 69 (1st Cir. 2012).

[9] In re Sullivan, 674 F.3d at 68.

Trustee to either pursue the malpractice claim or abandon it to the Debtor. The Debtor acknowledges that the Trustee had the exclusive right to assert any such claim.[10] Should the Trustee abandon the claim, it would revert back to the Debtor. The Debtor argues that because the bankruptcy court concluded that the legal malpractice claim lacked merit, the claim had no value to the estate. Thus, the Debtor erroneously argues, upon his filing a motion to compel, the court should have ordered the Trustee to abandon malpractice claim.

"A decision regarding abandonment is reviewed for abuse of discretion unless it is based upon a clearly erroneous finding of fact."[11] This court concludes that the bankruptcy court did not abuse its discretion in denying the Debtor's motion to compel abandonment. A trustee has discretion in deciding whether to abandon a claim,[12] though a party in interest can move the court to order a trustee to abandon a claim "that is burdensome to the estate or that is of inconsequential value and benefit to the estate."[13] The Trustee objected to the Debtor's motion on the ground that he could not determine whether the malpractice claim had value until a final decision was rendered on the Fee Application,[14] The bankruptcy court sustained this objection. This decision appropriately allowed the Trustee to retain a claim that he believed, and the Debtor certainly believes, could have value to the estate. There was no error.

---

[10] Br. Appellant 35.

[11] In re Malden Mills Indus., Inc., 303 B.R. 688, 696 (B.A.P. 1st Cir. 2004). The Debtor has not challenged the bankruptcy court's factual findings, and this court discerns no clearly erroneous findings.

[12] Id. at 701.

[13] 11 U.S.C. § 554(b).

[14] Br. Appellee 7 [#14]; R. App. 60.

IV.     <u>Conclusion</u>

For these reasons, the February 22, 2012 <u>Order</u> of the bankruptcy court is AFFIRMED.

AN ORDER HAS ISSUED.

<u>/s/ Joseph L. Tauro</u><br>
United States District Court